# EXHIBIT E

# (Redacted for Public Filing)

# GIBSON DUNN

Gibson, Dunn & Crutcher LLP

1050 Connecticut Avenue, N.W.
Washington, DC 20036-5306
Tel 202.955.8500
www.gibsondunn.com

F. Joseph Warin
Direct: +1 202.887.3609
Fax: +1 202.530.9608
FWarin@gibsondunn.com

**FOIA CONFIDENTIAL TREATMENT REQUESTED**

Client: 31597-00001

May 17, 2021

VIA ELECTRONIC MAIL

Tejal Shah, Esq.
U.S. Securities and Exchange Commission
New York Regional Office
200 Vesey St., Suite 400
New York, NY 10281-1022

Re:   Gerald W. Fauth

Dear Tejal:

We write in response to your email message of May 13, 2021. In that message, you suggest that because Mr. Fauth continues to serve as a Member of the National Mediation Board, providing testimony to the Staff would pose no health risk to him. You can appreciate the difference between a routine workday and the incredibly stressful environment of providing recorded testimony to a team of government attorneys. As we have previously outlined, the pressures of such an environment could aggravate any number of Mr. Fauth's [REDACTED].

Furthermore, the Staff have not explained why they cannot wait until Mr. Fauth has completed [REDACTED] to discuss the possibility that he provide testimony. As we noted in our letter of May 12, 2021, Mr. Fauth is *currently* [REDACTED] that will continue through the middle of June. As a practical matter, he cannot receive a comprehensive medical examination until [REDACTED]. Therefore, a decision on whether Mr. Fauth could provide testimony to the Staff that is based on Mr. Fauth's current medical condition and a full picture of his health must also wait until [REDACTED] has concluded.

Finally, in your email message of May 6, 2021, you referred to "the steps [that the Staff would] need to take to enforce [its] subpoena." We are, of course, aware that the Staff may seek judicial action to enforce its subpoenas. Should the Staff take such a step in this case before Mr. Fauth's [REDACTED] has concluded, and file a motion to compel in federal court, we

# GIBSON DUNN

Tejal Shah, Esq.
May 17, 2021
Page 2

would vigorously contest the Staff's motion on numerous grounds. The Commission's subpoena does not have a legitimate purpose (and instead, appears designed to harass a public official), is unreasonable, and most obviously, is unnecessarily burdensome, as we have articulated in letters detailing our client's ▮▮▮▮ over the course of several months. Of course, litigating this issue would be a drawn out process that would serve neither party's interests, and we cannot foreclose the possibility that Mr. Fauth would invoke his Fifth Amendment privilege against self-incrimination should he provide testimony to the Staff.

Therefore, we respectfully propose that we wait for Mr. Fauth to undergo evaluation for ▮▮▮▮ on June 17, 2021. After that date—approximately four weeks from now—we can revisit this issue, armed with more current and complete medical information. In the meantime, we would be happy to continue to provide information to the Staff, and to discuss what topics or documents the Staff would discuss with Mr. Fauth as part of any prospective testimony.

\*   \*   \*

Given that we have shared Mr. Fauth's confidential medical information with you, we ask that you treat this letter and its contents with the utmost confidence, and that the Commission afford confidential treatment to this letter under the Freedom of Information Act, 5 U.S.C. § 552, the Health Insurance Portability and Accountability Act, Pub. L. 104-191, and any other applicable statutes or regulations.

\*   \*   \*

Please let us know when you would like to discuss this matter further, and we would be happy to schedule a teleconference.

Sincerely,

F. Joseph Warin