# EXHIBIT F

# (Redacted for Public Filing)

# GIBSON DUNN

Gibson, Dunn & Crutcher LLP

1050 Connecticut Avenue, N.W.
Washington, DC 20036-5306
Tel 202.955.8500
www.gibsondunn.com

F. Joseph Warin
Direct: +1 202.887.3609
Fax: +1 202.530.9608
FWarin@gibsondunn.com

Client: 31597-00001

**FOIA CONFIDENTIAL TREATMENT REQUESTED**

May 28, 2021

VIA ELECTRONIC MAIL

Tejal Shah, Esq.
U.S. Securities and Exchange Commission
New York Regional Office
200 Vesey St., Suite 400
New York, NY 10281-1022

Re:    Gerald W. Fauth

Dear Tejal:

We write to follow up on our telephone discussion of May 19, 2021, during which you requested a letter from one of Gerald Fauth's physicians to address why Mr. Fauth's medical conditions preclude him from being able to testify for a period of two to three hours via videoconference, as well as our subsequent email correspondence of May 21, 2021, in which you made a similar request. In response to those requests, a letter from Mr. Fauth's longtime primary care physician, ███████████████, is attached here.

This correspondence and the attached letter from ████████, as well as all of our previous correspondence on this topic (collectively, the "Materials"), contain highly sensitive and extremely private information. Moreover, the Materials contain Protected Health Information that is confidential, personal, and sensitive under the Health Insurance Portability and Accountability Act (HIPAA), Pub. L. 104-191, and other federal and state laws that prohibit re-disclosure without the express approval of Mr. Fauth. *See* Privacy Act of 1974, as amended, 5 U.S.C. § 552a(b) ("No agency shall disclose any record … except pursuant to a written request by, or with the prior written consent of, the individual to whom the record pertains"); NY Public Health Law § 18(6) ("information so disclosed should be kept confidential by the party receiving such information and the limitations on such disclosure in this section shall apply to such party"); NY Mental Hygiene Law § 33.13(f) (same).

As a result, we are providing this information only to the U.S. Securities and Exchange Commission ("SEC") staff members with specific responsibility for this matter. Mr. Fauth does not authorize the release of the Materials to any other person or entity (including any

GIBSON DUNN

Tejal Shah, Esq.
May 28, 2021
Page 2

other government agency), and the Materials have been provided to you for the sole and limited purpose of explaining, as requested, Mr. Fauth's present unavailability for testimony. Our request is consistent with the SEC's pledge that it is "committed to protecting the privacy of individuals." Securities and Exchange Commission, About Privacy at the SEC, https://www.sec.gov/about/privacy/secprivacyoffice.htm. In addition, should the Staff receive a request from any other government agency for the Materials, we respectfully request that it notify the undersigned counsel and adhere to all requirements of the Access Program that are described in Section 5 of the SEC's Enforcement Manual.

Further, we ask that you treat the Materials as confidential pursuant to any other applicable privacy laws and regulations, including, for instance Exception 6 to the Freedom of Information Act ("FOIA"), which explicitly protects "medical files and similar files the disclosure of which would constitute a clearly unwarranted invasion of personal privacy." 5 U.S.C. § 552(b)(6). Should the Staff receive a request for the Materials under FOIA (or any other disclosure law), Mr. Fauth asks that the Staff immediately notify the undersigned counsel by telephone or electronic mail so that the Staff can provide additional information regarding the request for the Materials, including the Staff's efforts to protect the Materials and the confidential material contained therein. Mr. Fauth also asks that, upon completion of your investigation into this matter, the Materials promptly be returned and that no copies, whether electronic or hard copy, be retained. Finally, a copy of our request for confidential treatment will be transmitted to the Office of Freedom of Information and Privacy Operations, Securities and Exchange Commission, 100 F Street, NE, Washington, D.C. 20549-2736, as required by 17 C.F.R. § 200.83(c)(3).

*      *      *

Please do not hesitate to contact us should you have questions.

Sincerely,

F. Joseph Warin



May 25, 2021

To Whom it May Concern:

This letter concerns the current medical status of my patient, Gerald W. Fauth III. I have been Mr. Fauth's Primary Care Physician for over a decade and conducted a video office visit with him today. As his Primary Care Physician, I have been directly involved in his medical care and have closely monitored and stayed apprised of his medical condition and ███████████████████████████████████████████████████████████████
███████████

Although Mr. Fauth has sufficiently recovered from ████████████████████ ████████ to resume and engage in most normal personal activities (such as walking, cooking, painting, light yard and house work, etc.) and normal work activities (including his duties and responsibilities as a Board Member at the National Mediation Board (NMB) and his upcoming work as NMB Chairman, effective July 1, 2021), I have strongly advised Mr. Fauth to carefully avoid *any*:

- • **Strenuous activities** - Such as: lifting, moving or carrying heavy objects; running or walking briskly; playing golf, tennis, swimming or any other sports; walking or working outside in hot weather, climbing tall ladders or long flights of stairs, etc. and/or;
- • **Stressful situations** - Such as: attending a family wedding, funeral or other family gatherings; attending large social events; attending large work meetings or conferences; traveling by airline or rail; public speaking to a large group or audience; in-person television and press interviews; confrontational or controversial interactions or meetings; providing testimony before a court, Congress or regulatory agency; etc.

At this time, Mr. Fauth should be very careful not to engage in any such strenuous activities and should avoid stressful situations as much as possible. *This applies to both in-person and virtual activities, meetings and events.* Mr. Fauth should not resume any such strenuous activities and should be careful to avoid any stressful situations until:

1. **(1)** He has completed and has had time to completely and fully recovered from his ongoing ████ ████████████████████████████████████████████████████████████████████

2. **(2)** He has had the opportunity to be fully evaluated by ████████████████████ next month.

Engaging in any such strenuous activities or stressful situations at this time would likely greatly increase Mr. Fauth's

████████████████████████████████████

████████████████████████████████████████████████████████████████████
████████████████████████████████████████████████████If so, Mr. Fauth may be able to resume and participate in some strenuous activities and stressful situations later this summer.

████████████████████████████████████████████████████████████████████

Please do not hesitate to contact me with any questions or concerns.

Sincerely,

████████████████████