# EXHIBIT J



**UNITED STATES**
**SECURITIES AND EXCHANGE COMMISSION**
BROOKFIELD PLACE, 200 VESEY STREET, SUITE 400
NEW YORK, NY 10281-1022

NEW YORK
REGIONAL OFFICE

September 30, 2021

**Via Email to fwarin@gibsondunn.com**

F. Joseph Warin, Esq.
Gibson, Dunn & Crutcher LLP
1050 Connecticut Avenue, N.W.
Washington, DC 200036-5306

Re: **In the Matter of Certain Issuers Related to COVID 19 (TISO) (NY-10215)**

Dear Joe:

As you know, we subpoenaed your client, Gerald Fauth, for testimony by subpoena dated May 26, 2020. In the sixteen months that followed, you have refused even to discuss a date for a limited, remote session of testimony — or even the kinds of accommodations that might make such a session possible for Mr. Fauth — citing Mr. Fauth's continuing and myriad health issues. See your letters, dated September 25, 2020, November 17, 2020, March 26, 2021, May 12, 17 and 28, 2021, June 29, 2021 and August 17, 2021.

I write formally to request the update you offered in your August 17, 2021 letter. In that letter, you represented that you would provide us with "additional relevant information" after Mr. Fauth completed the appointments he had "scheduled through the end of [August]." We are now many weeks past the end of August and have heard nothing from you.

I write to further request that you provide some description of the daily duties Mr. Fauth is currently performing in his role as Chair of the National Mediation Board. As we have become aware, throughout the period we have been seeking a limited session for his testimony, Mr. Fauth has continued his daily work as one of three salaried members of the National Mediation Board, even assuming the role of Chair in July 2021.

In providing a description of Mr. Fauth's daily responsibilities, please provide as much specificity as you can, including the hours each day he devotes to his work, an outline of a typical day, the specific responsibilities he carries out as Chair, any disputes coming before the National Mediation Board or other "crisis issues" to which Mr. Fauth has directed his attention, and the accommodations he has sought and obtained from the Board in order to maintain his position there while he attends to his medical issues.

We remain sensitive and sympathetic to those medical issues. We are cognizant of his Primary Care Physician's May 25, 2021 recommendation that he avoid "strenuous activities," such

F. Joseph Warin, Esq.  September 30, 2021
Page 2

as "lifting, moving or carrying heavy objects," or "playing golf, tennis swimming or any other sports," but our subpoena would require none of that.

We are also cognizant of his doctor's recommendation that Mr. Fauth avoid "stressful situations," such as "traveling by airline or rail," and "controversial interactions or meetings." You have explained (in your letter, dated May 17, 2021) that there is a "difference between [his] routine workday and the incredibly stressful environment of providing recorded testimony to a team of government attorneys." We would like to gain a better understanding of that routine workday and the differences you cite between a two to three hour remote testimony session — with whatever reasonable accommodations your client requires— and his daily job pursuing the mission of the National Mediation Board, a job that (according to the representations made by you or your colleagues on our May 19, 2021 call) includes his participation in "crisis issues."

We understand, as you told us in your November 17, 2020 letter, that Mr. Fauth "wants to fully cooperate." Please provide us with the information I have requested above as soon as possible. We remain available to discuss a date and the circumstances of a remote limited session for his testimony at your convenience.

Sincerely yours,

s/ Nancy A. Brown

Nancy A. Brown