UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
:
SECURITIES AND EXCHANGE :
COMMISSION, :
:
        Applicant, : **Case No. 21 Misc. 787 (ALC)**
:
  -against- : **ECF CASE**
:
**GERALD FAUTH**, :
:
        Respondent. :
:
-------------------------------------------------------------x

# GERALD FAUTH'S RESPONSE TO THE SEC'S APPLICATION AND ORDER TO SHOW CAUSE

**TABLE OF CONTENTS**

|   |   | Page |
|---|---|---|
| INTRODUCTION | | 1 |
| 1. | Deposition Testimony Would Pose Serious Health Risks To Mr. Fauth | 3 |
| 2. | The SEC Has Not Identified Any Substantial Need for Immediate Deposition Testimony | 5 |
| CONCLUSION | | 7 |

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Carbajal v. Serra*,
    No. 10-CV-02862-REB-KLM, 2012 WL 1229879 (D. Colo. Apr. 12, 2012) ................................................................................................. 3

*Cooleen v. Lamana*,
    248 Fed. App'x 357 (3d Cir. 2007) ..................................................... 4

*Frideres v. Schiltz*,
    150 F.R.D. 153 (S.D. Iowa 1993) ....................................................... 3

*In re McCorhill Publ'g, Inc.*,
    91 B.R. 223 (Bankr. S.D.N.Y. 1988) .................................................. 3

*Sec. & Exch. Comm'n v. Brigadoon Scotch Distrib. Co.*,
    480 F.2d 1047 (2d Cir. 1973) ............................................................. 3

*Sperano v. Invacare Corp.*,
    No. 03-CV-6157T, 2006 WL 8456080 (W.D.N.Y. Apr. 13, 2006) ..... 5

*Walsh v. Pullman Co.*,
    10 F.R.D. 77 (S.D.N.Y 1948) ............................................................. 3

**Rules**

Fed. R. Civ. P. 26(b)(2)(C)(i) ...................................................................... 5

# INTRODUCTION

The SEC's application for an order compelling deposition testimony by Gerald Fauth should be denied, ███████████████████████████████████████, and thus poses an unnecessary burden under the applicable rules and case law.

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

██████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

██████████████████████████████████████
██████████████████████████████████████
██████████████████████████████████████
██████████████████████████████████████
████████████████████████████

████████████████████████████████████

████████████████████ But Mr. Fauth's counsel repeatedly has offered to answer the SEC's questions in writing, under oath, as a way to get the SEC any necessary factual information ████████████████████████████ Throughout the period since counsel made a detailed, 90-minute proffer (which the DOJ found sufficient to close its investigation), the SEC has not once asked a factual question, despite these repeated offers by counsel. Nor has the SEC explained why written answers would be insufficient, other than a generic desire to "ask follow up questions and refresh his recollection with documents." Brown Decl., Ex. L. ████

██████████████████████████████████████
██████████████████████████████████████
████████████████████████████

Accordingly, the SEC's application should be denied or, in the alternative, modified so that Mr. Fauth is permitted to answer the SEC's questions in writing, rather than by video.

**1. *Deposition Testimony Would Pose Serious Health Risks To Mr. Fauth***

It is well-established that a subpoena poses an unnecessary and undue burden—and thus should be quashed or modified—when it imposes serious health risks on the respondent. *See In re McCorhill Publ'g, Inc.,* 91 B.R. 223, 225 (Bankr. S.D.N.Y. 1988) ("Manifestly, if an oral deposition will pose a threat to a witness' health, the court will exercise its discretion in favor of a protective order.") (citing *Walsh v. Pullman Co.*, 10 F.R.D. 77 (S.D.N.Y 1948)); *Frideres v. Schiltz*, 150 F.R.D. 153, 157 (S.D. Iowa 1993) (granting protective order to potential deponent because of poor health); *Carbajal v. Serra*, No. 10-CV-02862-REB-KLM, 2012 WL 1229879, at *2 (D. Colo. Apr. 12, 2012) (granting motion to quash related to deposition testimony of "'chronically ill'" deponent). This rule applies equally to investigative subpoenas, which should not be enforced—even when the agency has demonstrated a valid and relevant purpose related to its investigation—if the subpoena is shown to be unnecessarily burdensome. *See Sec. & Exch. Comm'n v. Brigadoon Scotch Distrib. Co.*, 480 F.2d 1047, 1056 (2d Cir. 1973).

████████████████████████████████████

████████████████████████████████████

████████████████████████████████████

████████████████████████████████████

████████████████████████████████████



Dr. Herrera's opinions are well-grounded in his clinical experience and his close familiarity ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮. Herrera Decl. ¶¶ 4-6. Dr. Herrera's professional medical opinion is reliable, unrebutted by the SEC, and should be fully credited by this Court. *See Cooleen v. Lamana*, 248 Fed. App'x 357, 361 (3d Cir. 2007) ("[C]ase law counsels that we defer to the medical judgments of physicians … .").

## 2. *The SEC Has Not Identified Any Substantial Need for Immediate Deposition Testimony*

The burden posed by the SEC's subpoena is particularly unnecessary given the availability of a reasonable alternative: answers to the SEC's questions, in writing, under oath. *See Sperano v. Invacare Corp.*, No. 03-CV-6157T, 2006 WL 8456080, at *2 (W.D.N.Y. Apr. 13, 2006) (modifying subpoena to allow for deposition by written question in lieu of oral testimony to "strike[ ] the appropriate balance between the legitimate concerns for [a deponent's] health and the parties' rights to depose a potentially relevant witness"); Fed. R. Civ. P. 26(b)(2)(C)(i) (in undue burden analysis, requiring consideration of "more convenient" and "less burdensome" means of gathering information).

As explained in the attached declaration from Mr. Fauth's counsel, he has repeatedly offered to provide written answers to the SEC's questions, *see* Warin Decl., Exs. 2-4, 8; *see also* Brown Decl., Ex. K, as a more reasonable means to provide the investigatory information sought in light of his present medical condition. The Commission never has provided any questions, or explained why this option will not work, other than a generalized statement in an email to counsel that depositions allow the SEC to "ask follow up questions and refresh his recollection with documents." Brown Decl., Ex. L. But nothing would prevent the SEC from following up in writing, or from identifying which documents he should refer to, in connection with written questions.

5

███████████████████████████████████████████████████

███████████████████████████████████████████████████

██████

Similarly, the SEC has not explained or justified its sudden sense of urgency. *See* Warin Decl. ¶ 15. ████████████████████████████████

███████████████████████████████████████████████████

████████████████████████████████████████.

Since receiving subpoenas related to this investigation in April and May 2020, Mr. Fauth and his wife, Mary Fauth, collected and produced numerous relevant documents and providing a detailed attorney proffer on June 18, 2020. *See* ██████ Decl. ¶¶ 4-6. In the months since, counsel for Mr. Fauth has made clear that while Mr. Fauth was willing to continue this cooperation through additional proffers, written questions, or documents, ████████████████████████████ ███████. *Id.* ¶ 8. At no point until very recently did the SEC (or the DOJ, which closed its investigation) ever suggest that Mr. Fauth's inability to testify was a problem. *Id.* ¶ 10, 15.

The SEC still has given no explanation for why the SEC now seeks deposition testimony with utmost urgency, ███████████████████████████████ ███████████████████████████████████████. Herrera Decl. ¶ 28. For example, as Mr. Fauth's counsel told the SEC shortly before it filed this motion,

6



.

**CONCLUSION**

For all these reasons, as well as those set forth in the accompanying Declaration of Dr. Albert Herrera filed concurrently herewith, Mr. Fauth respectfully requests that the Court modify or quash the Applicant's May 26, 2020 Subpoena.

Dated: October 27, 2021　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　 /s/ F. Joseph Warin
　　　　　　　　　　　　　　　　F. Joseph Warin (*pro hac vice pending*)
　　　　　　　　　　　　　　　　Gibson, Dunn & Crutcher LLP
　　　　　　　　　　　　　　　　1050 Connecticut Ave., N.W.
　　　　　　　　　　　　　　　　Washington, DC 20036
　　　　　　　　　　　　　　　　FWarin@gibsondunn.com
　　　　　　　　　　　　　　　　Telephone:　(202) 887-3609
　　　　　　　　　　　　　　　　Facsimile:　(202) 530-9608

　　　　　　　　　　　　　　　　*Counsel for Respondent Gerald Fauth*