UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------- x
SECURITIES AND EXCHANGE COMMISSION,    :
                                       :
                        Applicant,     :     No.  21 Misc. 787 (ALC)
            - against -                :
                                       :     ECF CASE
GERALD FAUTH,                          :
                                       :
                        Respondent.    :
------------------------------------------------------------------- x

**SECURITIES AND EXCHANGE COMMISSION'S
REPLY MEMORANDUM OF LAW
IN FURTHER SUPPORT OF ITS APPLICATION FOR AN ORDER TO SHOW CAUSE
AND FOR AN ORDER REQUIRING GERALD FAUTH TO COMPLY WITH AN
INVESTIGATIVE SUBPOENA FOR TESTIMONY**

The Securities and Exchange Commission (the "Commission"), pursuant to the Court's Amended Order (DE 12), respectfully submits this Reply Memorandum of Law in Further Support of Its Application for an Order to Show Cause and for an Order Requiring Gerald Fauth to Comply with an Investigative Subpoena (the "Application").

## Preliminary Statement

Respondent Fauth concedes that the Commission has met its burden on its Application to show the four elements that it must to obtain an order of compliance with its Subpoena.  He makes no argument that the investigation is improper or that the Subpoena was not appropriately served.  Nor does he argue that his testimony about the events prior to his sale of nearly 10% of his portfolio and minutes after speaking with Senator Burr on February 13, 2020, are irrelevant or that the Commission could obtain the facts about his trading elsewhere.  Fauth only argues that his testimony places an unnecessary burden on him in light of his health and that the

Commission should be satisfied by his willingness to answer written questions. But Fauth cannot sustain what courts call his "heavy burden" to quash the Subpoena.

First, the Declaration of Fauth's doctor merely recapitulates the medical conditions that Fauth and his lawyers have cited over the 17 months since the Subpoena was first issued. He provides no reason why the accommodations that the Commission has offered will not suffice to ensure Fauth's well-being during the deposition: frequent breaks, sessions spread over several days, and the presence of a physician of Fauth's choosing during the testimony to monitor his condition. ██████████████████████████████████████████████████

██████████████████████████████████████████████████████████████

██████████████████████████████████████

Second, neither Fauth's doctor nor Fauth's counsel explains how Fauth can continue in his role at the helm of a federal agency while being unable to site for a limited session of investigative testimony. Fauth's doctor says ████████████████████████████

████████████████████████████████████████ But investigative testimony is not adversarial. The Commission is engaged in fact-finding, and no litigation against Fauth has been commenced. Indeed, the Commission staff has not even determined whether to recommend any charges against Fauth or anyone else. And since Fauth's counsel has told the Commission staff that Fauth involves himself in "crisis issues" at the National Mediation Board ("NMB") (a fact that Fauth's doctor does not address), Fauth appears able to deal with whatever stress investigative testimony involves.

Fauth's offer of answers to written questions ignores the benefits of testimony. That is particularly so where credibility determinations are critical to the Commission staff's consideration of whether any unlawful conduct has occurred, as may be the case here. And, in

this case, the written question process would be a waste of time: Fauth's counsel has already provided an attorney proffer to the Commission staff, and answers to written questions prepared and reviewed by his counsel would simply duplicate the information his counsel already provided.

## ARGUMENT

### A. Fauth Has Not Carried His Heavy Burden to Show that Limited Testimony with Reasonable Accommodations Will Result in Injury

It is Fauth's burden to establish that the Commission's Subpoena would cause him unnecessary burden. SEC v. Brigadoon Scotch Distributing Co., 480 F.2d 1047, 1056 (2d Cir. 1973). And where "the agency inquiry is authorized by law and the materials sought are relevant to the inquiry, that burden is not easily met." Id. (rejecting respondents' claim that damage to their business satisfied their burden to avoid SEC's document subpoena as unnecessarily burdensome). Fauth's opposition offers not a single case to support his argument that he can satisfy that burden here where he has conceded that the Commission's inquiry is authorized and that his testimony is relevant. The Commission knows of no authority where courts have quashed a Commission Subpoena in similar circumstances.

Fauth's burden is no lighter by analogy under Fed. R. Civ. P. 26(c), which authorizes protective orders to deny forms of discovery on a showing of "undue burden." "An order barring a litigant from taking a deposition is most extraordinary relief." In re Garlock, 463 F. Supp. 2d 478, 481 (S.D.N.Y. 2006) (quotations omitted) (holding that the burden is on the party seeking the protective order); see also Michelo v. Nat'l Collegiate Student Loan Trust 2007-2, 18 Civ. 1781 (PGG) (BCM), 2020 WL 4041058, at *2 (S.D.N.Y. July 17, 2020), objections overruled, 2021 WL 568124 (S.D.N.Y. Feb. 16, 2021) (movant seeking to avoid testimony "bears a heavy burden") (internal quotation marks omitted). In this Circuit, where a prospective deponent

3

claims that his health precludes a deposition, he "must show 'that a clearly defined, specific and serious injury will occur in the absence of such an order.'" Michelo, 2021 WL 568124, at *3 (quoting Qube Films Ltd. v. Padell, 13 Civ. 8405 (AJN), 2015 WL 109628, at *2 (S.D.N.Y. Jan. 5, 2015)); accord Soft Drink, Brewery Workers & Delivery Emps. v. Ulrich, 17 Civ. 137 (KMK) (AEK), 2021 WL 2227921, at *2 (S.D.N.Y. June 1, 2021). "'[B]road allegations of harm, unsubstantiated by specific examples or articulated reasoning, are not sufficient to satisfy the burden.'" Soft Drink, Brewery Workers, 2021 WL 2227921, at *2 (quoting Kamdem-Ouaffo v. Balchem Corp., No. 17 Civ. 2810 (PMH) (PED), 2020 WL 8838038, at *8 (S.D.N.Y. Dec. 23, 2020)).

In this case, Fauth offers only the risk that his health <u>might be</u> adversely affected by appearing for testimony. And the Declaration Fauth's doctor has submitted is devoid of the "articulate reasoning" that is required. Thus, Fauth's doctor offers no specifics to support his opinion ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ Surely, if Fauth's doctor were with him throughout the testimony session, he would be able to monitor his condition and curtail a session that put his patient at significant risk. Fauth's doctor does not say why that is unacceptable.

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

▮▮▮ Without providing any details of what he knows about Fauth's position, and seemingly unaware that Fauth has already appeared for an interview by minority staffers of the Senate HELP committee (Brown Decl. ¶ 49) and that he has been involved in "crisis issues" at the NMB

4

throughout his illness (id. ¶ 26), Fauth's doctor opines ███████████████████████

███████████████████████████████████████████████████

Courts require more, especially where, as here, the witness has key and unique information of significant relevance to the case, makes no claim of memory loss, and is "capable of full-time work." See, e.g., Michelo, 2020 WL 4041058, at *4. In affirming the Magistrate Judge's opinion, Judge Gardephe ruled in Michelo that because the movant would be questioned about matters "central to the claims in this case," and he possessed unique knowledge of the events, his doctor's confirmation of his epileptic condition and risk of seizure would not suffice to satisfy his burden, particularly where accommodations were offered. Michelo, 2021 WL 568124, at *3. "'Movants have demonstrated merely that 'harm [to the Employee] from a deposition is of potential concern'; they have not shown that his concern 'rise[s] to the level of a clearly defined and serious injury.'" Id. (quoting Qube Films, 2015 WL 109628, at *2) (alterations in the original).

The case Fauth cites from this jurisdiction (Br. at 3), In re McCorhill Publ'g, Inc., 91 B.R. 223 (S.D.N.Y. 1988), is not to the contrary. There, the court heard testimony from the movant's doctor,[1] and determined that the movant was in a "vegetative state of senile dementia," "constant pain," and was at risk of "heart failure" if asked about facts that he could not remember. Id. at 225. On those facts, and given there were other available witnesses who could provide the information sought, the court ruled that good cause for a protective order had been shown. Id.

---

[1] The Commission has not been afforded an opportunity to talk to Fauth's doctors or review any of his medical records. When the Commission sought authorization to speak to Fauth's doctor's, Fauth's counsel refused. (Brown Decl., Ex. C.)

Here, Fauth holds information the Commission can obtain from no one else. He cites no dementia or other inability to testify. He is capable of full-time employment. And his doctor's opinion ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ ignores the specific accommodations that the Commission has offered.

### B. Written Questions Are Not a Suitable Substitute for Fauth's Testimony

Fauth's offer to provide answers to written questions will not satisfy the Commission's need for his testimony. (Br. at 5.) In addition to being deprived of the ability to ask necessary follow-up questions and to provide documents to refresh Fauth's memory—something that is impossible to do in advance of learning precisely what he will say—the Commission would be deprived of the ability to assess Fauth's credibility, and courts have routinely rejected proffers of written questions on that basis. E.g., Horvath v. Deutsche Lufthansa AG, No. 02 Civ. 3269 (PKC), 2004 WL 241671, at *4 (S.D.N.Y. Feb. 9, 2004) (rejecting written questions in lieu of testimony, holding that witness's testimony "will turn on credibility determinations that cannot be adequately explored or assessed through defendant's proposed use of written questions," and collecting cases); see also In re Friedman, 350 F.3d 65, 69 n. 2 (2d Cir. 2003) (noting district courts' preference for oral depositions over written interrogatories and collecting cases).

Fauth's credibility is an important assessment that will be lost to the Commission if written questions are permitted. It is especially important here where Fauth's testimony about what information he had (and where he got it) prior to selling a portion of his portfolio is central to evaluating whether Fauth or anyone else violated insider trading prohibitions.

In addition, written questions at this stage—after counsel has already provided a version of the events in an attorney proffer—would not serve any purpose. Fauth's answers to those questions will presumably be reviewed and massaged by counsel. See Zito v. Leasecomm Corp.,

6

233 F.R.D. 395, 397 (S.D.N.Y. 2006) (rejecting written questions because "the involvement of counsel in the drafting process [of the answers] prevents the spontaneity of direct interrogation"). But the Commission seeks Fauth's telling of the events; it already has his counsel's.[2]

## CONCLUSION

For the foregoing reasons and those cited in the Commission's Moving Memorandum, the Court should issue an order compelling Fauth to appear for a limited session of remote testimony.

Dated:  October 28, 2021
        New York, NY

        SECURITIES AND EXCHANGE COMMISSION

By:     s/ Nancy A. Brown
    Sanjay Wadhwa
    Richard R. Best
    Sheldon L. Pollock
    John O. Enright
    Nancy A. Brown
    Tejal D. Shah

200 Vesey Street, Suite 400
New York, NY  10281
(212) 336-1023 (Brown)
brownn@sec.gov

---

[2] Of course, if Fauth's counsel were to advise that Fauth will be asserting his Fifth Amendment right against self-incrimination—as counsel has said he might do (Brown Decl., Ex. E)—the Commission would be willing to accept a Declaration to that effect in lieu of his appearance to assert the Fifth in live testimony before a court reporter.