# GIBSON DUNN

Gibson, Dunn & Crutcher LLP

1050 Connecticut Avenue, N.W.
Washington, DC 20036-5306
Tel 202.955.8500
www.gibsondunn.com

F. Joseph Warin
Direct: +1 202.887.3609
Fax: +1 202.530.9608
FWarin@gibsondunn.com

November 3, 2021

<u>VIA ECF</u>

The Honorable Andrew L. Carter, Jr.
United States District Court Judge
Southern District of New York
Thurgood Marshall United States Courthouse
40 Foley Square
New York, New York 10007

Re:   *SEC v. Gerald Fauth*, No. 21-mc-787 (ALC)

Dear Judge Carter:

      We bring this letter motion on behalf of Respondent Gerald Fauth in the above-referenced action to respectfully request permission to file Mr. Fauth's Status Report in redacted form on the public docket with an unredacted copy filed under seal and to file the accompanying Declaration from Dr. Albert Herrera under seal. The Court previously granted Respondent's earlier application to seal similar information contained in his Response to the Security and Exchange Commission's Application and Order to Show Cause and corresponding papers. *See* October 29, 2021 Minute Order.

      While there is a presumption of public access to judicial documents, courts have "considerable discretion in determining whether good cause exists to overcome the presumption of open access to documents." *Geller v. Branic Int'l Realty Corp.*, 212 F.3d 734, 738 (2d Cir. 2000). In doing so, courts must balance "the competing interests of public access against the privacy interests of the parties," among other factors. *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119 (2d Cir. 2006); *see also* Fed. R. Civ. P. 26. Where the presumption of public access is outweighed by such factors, courts routinely grant requests to seal. *Lugosch*, 435 F.3d at 119.

      Here, this balancing test weighs in favor of sealing the confidential portions of the Status Report and Herrera Declaration as the proposed redactions consist of Mr. Fauth's sensitive medical information. "Medical information is among the types of information often made subject to a sealing order." *McGuirk v. Swiss Re Fin. Servs. Co.*, 2015 WL 1366186, at *1 (S.D.N.Y. Mar. 30, 2015); *see also* Health Insurance Portability and Accountability Act, Pub. L. 104-191. Accordingly, the Court should grant Mr. Fauth's motion to allow it to redact that information from the public record or otherwise file the specified documents under seal.

      In accordance with the Court's Individual Practices, Respondent will concurrently file a public version of the Status Report with the proposed redactions, and file under seal a copy of the document with the proposed redactions highlighted. Respondent will also file the Herrera Declaration under seal.

      We are available at the Court's convenience should it have any questions or concerns.

GIBSON DUNN

The Honorable Andrew L. Carter, Jr.
November 3, 2021
Page 2

Respectfully submitted,

/s/ F. Joseph Warin

F. Joseph Warin (*pro hac vice*)

cc: All counsel (via ECF)