# GIBSON DUNN

Gibson, Dunn & Crutcher LLP

1050 Connecticut Avenue, N.W.
Washington, DC 20036-5306
Tel 202.955.8500
www.gibsondunn.com

F. Joseph Warin
Direct: +1 202.887.3609
Fax: +1 202.530.9608
FWarin@gibsondunn.com

November 3, 2021

**VIA ECF**

The Honorable Andrew L. Carter
United States District Court Judge
Southern District of New York
Thurgood Marshall United States Courthouse
40 Foley Square
New York, New York 10007

Re:    *SEC v. Gerald Fauth*, No. 21-mc-787 (ALC); Status Report

Dear Judge Carter:

Pursuant to the Court's minute order dated October 29, 2021, and the Court's guidance at the hearing that same day, Respondent Gerald Fauth respectfully submits this status report.

As directed by the Court, Mr. Fauth's physician, Dr. Albert Herrera, has been consulted regarding the Court's October 29, 2021 compromise proposal that the Securities and Exchange Commission ("SEC") take Mr. Fauth's testimony in six 30-minute sessions, on non-consecutive days, spread out over a period of two weeks. ███████████████████████████████████████ Although each individual session would be shorter under the Court's proposal, ███████████████████████████████████████ and thus we respectfully reiterate our request that the Court direct the SEC to take Mr. Fauth's testimony by written questions instead.

In the alternative, if the Court is inclined to direct oral testimony, we request the following measures, which Dr. Herrera believes would modestly reduce the risks to Mr. Fauth's health:

(1) Advance notice from the SEC of questions, topics, and documents;

(2) Oral testimony limited to a short session on a single day, to be taken remotely with appropriate breaks as needed; and,

(3) Direction for the SEC to conduct questioning in a non-adversarial manner.

███████████████████████████████████████ Providing advance notice of documents and questions would also would improve the overall efficiency and clarity of any testimonial session.

Beijing · Brussels · Century City · Dallas · Denver · Dubai · Frankfurt · Hong Kong · Houston · London · Los Angeles · Munich
New York · Orange County · Palo Alto · Paris · San Francisco · São Paulo · Singapore · Washington, D.C.

**GIBSON DUNN**

The Honorable Andrew L. Carter
November 3, 2021
Page 2

On November 3, we met and conferred with SEC attorneys Nancy Brown and Tejal Shah via teleconference for approximately 30 minutes, and followed up by email, regarding the SEC's position on the accommodations discussed above. The SEC approved the following language regarding their position for submission to the Court: The SEC's position is that they are not willing to provide Mr. Fauth with advance notice of documents or questions, but they would provide advance notice of topics. The SEC is willing to limit testimony to a single day of oral testimony, to be taken remotely with appropriate breaks as needed, and is considering whether it can shorten the three-hour limit previously proposed. The SEC is willing to conduct its questioning in a non-adversarial manner and will be sensitive to Mr. Fauth's condition, but it questions how the parties will determine whether the questioning breaches this condition and is unwilling to agree to be bound by this undefined term.

We appreciate the Court's consideration of these important issues, which remain extremely serious. ▮▮▮▮▮ as a result of intense media coverage of these proceedings. The strain being imposed on Mr. Fauth is compounded by media coverage of the SEC's filings painting an unfair, inaccurate, and incomplete picture of the underlying facts. Documents and information provided to the SEC over a year ago by Mr. Fauth show that he planned his trades days in advance and initiated the trades with his broker on February 12, the day before his brief February 13 call with his brother-in-law, Senator Burr. The SEC failed to mention those documents and information in its recent filings. Additionally, as demonstrated by the detailed declaration previously submitted to this Court by his counsel, Mr. Fauth has complied fully with the SEC's investigation by providing extensive documentation and information to the SEC shortly after receiving its subpoena in 2020. The SEC agreed to defer his testimony throughout 2020 and most of 2021 ▮▮▮▮▮ and did not push for his testimony until very recently, giving rise to this proceeding. ▮▮▮▮▮ and the suggestion that he is seeking to avoid compliance is false, unfair▮

Mr. Fauth remains committed to cooperating with this investigation, and respectfully requests the opportunity to do so by written questions or, in the alternative, with the accommodations summarized above.

Thank you for the Court's consideration. We are available at the Court's convenience to discuss this matter further.

Sincerely,

/s/ F. Joseph Warin

F. Joseph Warin (*pro hac vice*)


cc:    Counsel of Record